UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
1:14-cv-302-RJC

| | |
|---|---|
| MICHELLE GRINDSTAFF, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** comes before the Court on Plaintiff's Motion for Summary Judgment and Memorandum in Support, (Doc. Nos. 11, 11-1); Defendant's Motion for Summary Judgment and Memorandum in Support, (Doc. Nos. 15, 16); and Plaintiff's Reply to Defendant's Motion for Summary Judgment, (Doc. No. 17).

## I. BACKGROUND

A. <u>Procedural Background</u>

Plaintiff Michelle Grindstaff ("Plaintiff") seeks judicial review of Defendant's denial of her social security claim. (Doc. No. 1). On April 7, 2011, Plaintiff filed an application for a period of disability and disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 405, <u>et seq.</u> Plaintiff also protectively filed an application for supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. § 1383 <u>et seq.</u> In both applications, Plaintiff alleged an inability to work due to disabling conditions beginning on April 1, 2009. (Doc. Nos. 8 to 8-9: Administrative Record ("Tr.") at 11, 236–46). The Commissioner initially denied Plaintiff's application on August 23, 2011, (Tr. 135–39), and upon reconsideration on November

15, 2011, (Tr. 141–44).  Plaintiff filed a timely written request for a hearing on December 19, 2011.  (Tr. 152–53).

On August 26, 2013, Plaintiff, represented by counsel, appeared and testified at a hearing before an Administrative Law Judge ("ALJ").  (Tr. 21–52).  The ALJ issued a decision on September 11, 2013, denying Plaintiff's claim.  (Tr. 8–20).  Plaintiff filed a request for review of the ALJ's decision on September 30, 2013, (Tr. 6–7), which was denied by the Appeals Council on October 2, 2014, (Tr. 1–5).  Therefore, the September 11, 2013 ALJ decision became the final decision of the Commissioner on October 2, 2014.

Plaintiff's Complaint seeking judicial review and a remand of her case was filed in this Court on December 1, 2014.  (Doc. No. 1).  Plaintiff's Motion for Summary Judgment, (Doc. No. 11), was filed May 26, 2015, and Defendant's Motion for Summary Judgment, (Doc. No. 15), was filed August 26, 2015.  The pending motions have been fully briefed and are ripe for adjudication.

B.   Factual Background

The question before the ALJ was whether Plaintiff was under a "disability" as that term of art is defined for Social Security purposes,[1] at any time between April 1, 2009, when Plaintiff's disabling conditions commenced, and the date of the ALJ's decision on September 11, 2013.  To establish entitlement to benefits, Plaintiff has the burden of proving that she was disabled within the meaning of the Social Security Act.  Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).  The ALJ concluded that Plaintiff was not under a disability at any time from April 1, 2009, through the date of his decision, September 11, 2013.  (Tr. 19–20).

---

[1] Under the Social Security Act, 42 U.S.C. §§ 301, et seq., the term "disability" is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. § 404.1520(a). The five steps are:

> (1) whether the claimant is engaged in substantial gainful activity—if yes, not disabled;
>
> (2) whether the claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509—if no, not disabled;
>
> (3) whether the claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1 and meets the duration requirement—if yes, disabled;
>
> (4) whether the claimant has the residual functional capacity ("RFC") to perform his or her past relevant work—if yes, not disabled; and
>
> (5) whether, considering the claimant's RFC, age, education, and work experience, he or she can make an adjustment to other work—if yes, not disabled.

20 C.F.R. § 404.1520(a)(4)(i)–(v). In this case, the ALJ determined at step five that Plaintiff was not disabled. (Tr. 19–20).

Specifically, the ALJ first concluded that Plaintiff had not engaged in any substantial gainful activity since April 1, 2009, the alleged disability onset date. (Tr. 13). At step two, the ALJ found that Plaintiff had severe impairments of bipolar disorder, depressive disorder, anxiety disorder, and post-traumatic stress disorder. (Tr. 14). At the third step, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 14–15).

Next, the ALJ assessed Plaintiff's RFC and found that she retained the capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: simple, routine, repetitive tasks; a stable work environment, occasional interpersonal interaction and occasional public contact, and a non-production pace. (Tr. 15).

At the hearing, a vocational expert ("VE") testified regarding Plaintiff's past relevant work as a cashier/checker, certified nurse assistant, medical technician, and assembly line worker. (Tr. 47–51). Pursuant to the VE's testimony, the ALJ found that Plaintiff cannot perform her past relevant work. (Tr. 18). At the fifth and final step, the ALJ concluded, based on the VE's testimony, that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform." (Tr. 19). Therefore, the ALJ concluded that Plaintiff was not under a "disability," as defined by the Social Security Act, at any time between April 1, 2009, and the date of his decision on September 11, 2013. (Id.).

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. §§ 405(g), 1383(c)(3), limits this Court's review of a final decision of the Commissioner to determining: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979). The Social Security Act provides: "The findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, the Fourth Circuit noted that "substantial evidence" is "more than a scintilla and must do more than create a suspicion of the existence of a fact to be established. It means such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion." 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

The Fourth Circuit has long emphasized that it is not appropriate for a reviewing court to weigh the evidence anew, or to substitute its judgment for that of the Commissioner, if the Commissioner's final decision is supported by substantial evidence. Hays, 907 F.2d at 1456; see also Smith v. Schweiker, 795 F.2d at 345. Indeed, this is true even if the reviewing court disagrees with the outcome. Provided there is "substantial evidence" in the record to support the final decision below, the Court will uphold the final decision. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## III. DISCUSSION

On appeal to this Court, Plaintiff argues that the ALJ erred as a matter of law in denying her claims on two grounds: (1) the ALJ failed to properly weigh the opinions of Dr. Gary S. Indenbaum; and (2) the ALJ failed to consider and discount consistently low Global Assessment of Functioning ("GAF") scores. (Doc. No. 11-1 at 19, 25).

"A necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013). Social Security regulations require an ALJ to "evaluate every medical opinion" regardless of its source. 20 C.F.R. §404.1527(c). When evaluating each medical opinion, the ALJ must consider all of the following: (1) whether the physician has examined the claimant; (2) the treatment relationship between the physician and the claimant, including the length, nature, and extent of the treatment relationship; (3) the supportability of the physician's opinion; (4) the consistency of the opinion with the record; and (5) whether the physician is a specialist. Id. This evaluation is necessary so that the ALJ can determine the weight to be given to each opinion. Id.; see also SSR 96-2p.

A reviewing court is unable to determine whether an ALJ's "findings are []supported by substantial evidence unless the Secretary explicitly indicates the weight given to all of the relevant evidence." Gordon v. Schweiker, 725 F.2d 231, 235 (4th Cir. 1984); see also Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015) (remanding because, among other things, the ALJ's opinion was "sorely lacking in the analysis needed for [the court] to review meaningfully [the ALJ's] conclusions"). This requires the ALJ "to indicate explicitly the weight accorded to the various medical reports in the record." Gordon, 725 F.2d at 236. Not only must an ALJ indicate the weight given a medical opinion, he must also provide an explanation for the weight given. Arnold v. Sec'y of Health, Ed. & Welfare, 567 F.2d 258, 259 (4th Cir. 1977). A reviewing court may not find that an ALJ's decision is supported by substantial evidence "[u]nless the [ALJ] has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibits . . . ." Id.

In this case, the ALJ relied upon the opinions of consultative psychological examiner Dr. Gary S. Indenbaum to support his decision. The record contains two reports prepared by Dr. Indenbaum, the first of which was dated May 21, 2013, and the second was dated August 21, 2013. (Tr. 558–66). The ALJ supports his decision by quoting language from Dr. Indenbaum's first report. (Tr. 17). After summarizing other record evidence, the ALJ concludes that Plaintiff's testimony is only partially credible and that he has "given the most weight to the medical evidence of record." (Tr. 18). He then states that he "considered the opinion of [Plaintiff's] treating physician and other medical professionals;" that he gave "partial weight" to state agency medical consultants; and that he gave "some weight" to Plaintiff's testimony. (Id.). The ALJ gives no other indication as to what weight, if any, he contributed to any other opinion, including Dr. Indenbaum's first opinion which the ALJ relied upon in making his decision. The ALJ obviously

considered Dr. Indenbaum's opinion to be relevant evidence as he relied upon the opinion to support his function-by-function analysis.  As such, the ALJ was required "to indicate explicitly the weight accorded to" Dr. Indenbaum's opinion.  Gordon, 725 F.2d at 236.  The ALJ failed to provide any indication or explanation of the weight given Dr. Indenbaum's opinion, and therefore, his decision cannot be supported by substantial evidence.  Accordingly, the Court finds that this matter must be remanded for further administrative proceedings.

Furthermore as Defendant concedes, Dr. Indenbaum's two opinions are "completely inconsistent" with each other.  (Doc. No. 16 at 7).  The ALJ is required to evaluate every medical opinion in the record, 20 C.F.R. § 404.1527, and provide the analysis necessary for the reviewing court to meaningfully review the ALJ's treatment of those opinions, see Mascio, 780 F.3d at 636–37.  This is especially important in cases like this one, in which there are conflicting opinions, and remand may be appropriate if the ALJ failed to address and explain his treatment of such conflicting opinions.  Id.  Here, the ALJ clearly supports his decision by quoting language from Dr. Indenbaum's first report.  (Tr. 17).  The ALJ then acknowledges the second report by including a citation to it at the end of the paragraph in which he quotes the first report.  (Id.).  However, the ALJ failed to address or even mention any inconsistencies between Dr. Indenbaum's two reports, which Defendant readily admits.  (Doc. No. 16 at 6–7 ("The [second] 'opinion,' which was acknowledged by the ALJ by citation . . . was not discussed by the ALJ because it was not consistent with the conclusions [of] Dr. Indenbaum's [first report] . . . .")).  Accordingly, the Court finds that the ALJ failed to properly address inconsistencies in the record, and this case must be remanded due to this error.[2]

---

[2] Having found remand necessary due to error in the ALJ's consideration and analysis of Dr. Indenbaum's opinions, the Court need not address Plaintiff's argument relating to the ALJ's consideration of her GAF scores.

## IV. CONCLUSION

Under the fourth sentence of 42 U.S.C. § 405(g), the Court has the "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." See also Melkonyan v. Sullivan, 501 U.S. 89, 98 (1991). In light of the ALJ's lack of analysis and discussion of the medical opinions in the record, the Court **reverses** the Commissioner's decision and **remands** the case for a new hearing.

On remand, the ALJ is directed to conduct a new hearing, obtain further vocational expert testimony, and issue a new decision consistent with Social Security regulations and this Order, which require a thorough function-by-function analysis that explicitly indicates the weight given to all of the relevant evidence, including all medical opinions, and that resolves any conflicts between such evidence. In conducting the function-by-function analysis, the ALJ must use "narrative discussion describing how the evidence supports each conclusion." Mascio, 780 F.3d at 636 (citing SSR 96-8p). A mere recitation of select evidence is not a sufficient substitute for the function-by-function analysis required by Mascio, particularly if there is contradictory evidence in the record. The ALJ is also directed to consider and assess all Plaintiff's GAF ratings as required by 20 C.F.R. §§ 404.1527(c) and 416.927(c).

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion for Summary Judgment, (Doc. No. 11), is **GRANTED**;
2. Defendant's Motion for Summary Judgment, (Doc. No. 15), is **DENIED**; and
3. The Commissioner's decision is **REVERSED** and this matter is **REMANDED** for a new hearing consistent with this Order.

Signed: March 4, 2016

Robert J. Conrad, Jr.
United States District Judge